NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (Cal. Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-0142
    E-mail: frank.kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THERESA TETLEY,<br>  aka "Bitcoin Maven,"<br><br>    Defendant. | NO. CR 17-00738-R<br><br>**STIPULATION AND REQUEST FOR PRELIMINARY ORDER OF FORFEITURE**<br><br>[PROPOSED] PRELIMINARY ORDER OF FORFEITURE LODGED CONCURRENTLY HEREWITH<br><br>Sentencing Date: July 9, 2018<br>Time: 10:00 a.m. |

    Plaintiff United States of America (the "government") and defendant Theresa Tetley ("defendant"), by their respective attorneys, hereby stipulate and request as follows:

### I. FORFEITABLE ASSETS

    1.   On November 28, 2017, the government filed an Information charging defendant with one count of operating an unlicensed money

transmitting business in violation of Title 18, United States Code, Section 1960, and one count of money laundering in violation of Title 18, United States Code, Section 1956(a)(3)(B).

2. On December 6, 2017, the plea agreement between the government and defendant was filed. Pursuant to the plea agreement, defendant agreed to plead guilty to both counts of the Information. In addition, the plea agreement provides that defendant forfeits all right, title, and interest in and to the following assets:

    A.    $292,264.00 in U.S. Currency (the "Currency") seized by law enforcement on March 30, 2017;

    B.    Twenty-Five Assorted Gold Bars (the "Gold Bars") seized by law enforcement on March 30, 2017; and

    C.    40 Bitcoin that was in defendant's possession as of March 30, 2017 (the "Bitcoin").

The Currency, Bitcoin and Gold Bars are collectively referred to as the "Assets." Defendant transferred the Bitcoin to law enforcement on January 8, 2018, in connection with the entry of her guilty plea.

3. Defendant entered her guilty plea to Counts One and Two of the Information in this Court on January 8, 2018. Defendant admits that the Assets constitute the proceeds of the conduct to which defendant pleaded guilty. Pursuant to defendant's guilty plea, the government has established the requisite nexus between the Assets and the offenses described in the Information to which defendant entered a plea of guilty.

## II. IMPLEMENTATION

    A.    <u>Entry of Preliminary Order of Forfeiture is Mandatory Following Defendant's Guilty Plea.</u>

4. Rule 32.2(b)(2)(A) of the Federal Rules of Criminal

Procedure provides, in pertinent part:

> If the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . . The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Here, defendant pled guilty to Counts One and Two of the Information and consented to the forfeiture of the Assets. This admission established by a preponderance of the evidence that the Assets represent or are traceable to proceeds of the offenses charged in Counts One and Two, establishing the forfeitability of the Assets. Once the government's right to forfeit property has been established, forfeiture is mandatory. <u>United States v. Hill</u>, 167 F.3d 1055, 1073 (6th Cir. 1999). Further, pursuant to Rule 32.2(b)(2)(A), the requested preliminary order of forfeiture must now issue, forfeiting all of defendant's interest in the Assets.

    B.    <u>Provisions for Protection of the Assets Pending Ancillary Proceeding</u>.

    5.    The entry of the preliminary order of forfeiture authorizes the immediate seizure of the Assets:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper.

3

21 U.S.C. § 853(g).  Following seizure, property is ordinarily disposed of by the Attorney General, "making due provision for the rights of any innocent persons."  21 U.S.C. § 853(h).  The parties do not anticipate that any third party will claim an interest in the Assets.  However, notice of the preliminary order will be published in accordance with law and time allowed for any third parties to file claims with the Court.

    C.    <u>The Mechanics of the Criminal Forfeiture of the Assets</u>

    6.    Following entry of the preliminary order, the Court will determine whether any third party rights may exist in the Assets.  Fed.R.Crim.P. 32.2(c)(1).  Accordingly, the parties respectfully request that the Court enter the Preliminary Order of Forfeiture lodged concurrently herewith, authorizing the government to commence proceedings governing third-party rights.  <u>Id.</u> Rule 32.2(b)(3).  Following notification to third parties and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final order of forfeiture.  Fed.R.Crim.P. 32.2(c)(2).  Where no ancillary proceeding occurs, "the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute."  Fed.R.Crim.P. 32.2(c)(2).[1]

---

[1] If the Court does not enter a forfeiture order at the time of sentencing it "must otherwise ensure that the defendant knows of the forfeiture at sentencing."  Fed.R.Crim.P 32.2(b)(4)(B); <u>see generally</u> <u>United States v. Martine</u>, 662 F.3d 301, 309-10 (4th Cir. 2011) (upholding preliminary order entered after sentencing where defendants knew of forfeiture at sentencing); <u>see also</u> <u>United States v. Moreno</u>, 618 Fed. Appx. 308, 315 (9th Cir. 2015) ("although the preliminary order of forfeiture was not issued in accordance with Rule 32, because Moreno had actual notice of the forfeiture, Moreno cannot show that the error affected his substantial rights.")  Here, defendant's agreement to forfeiture of the Assets establishes her knowledge.

7. For the foregoing reasons, the parties respectfully request that this Court enter the proposed Preliminary Order of Forfeiture.

DATED: June 29, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


  __/s/ *Frank D. Kortum*_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


DATED: June 29, 2018           /s/ Brian E. Klein_____
BRIAN E. KLEIN, ESQ.

Attorneys for Defendant
THERESA TETLEY